IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RUSSELL S. JOHNSON and ONATI JOHNSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:12-CV-85(MTT) |
| BANK OF AMERICA, N.A., | ) ) ) |
| Defendant. | ) ) ) |

## ORDER

This matter is before the Court on Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss (Doc. 4) and Motion to Stay (Doc. 5). For the reasons set forth below, the Motion to Dismiss is granted. In light of the Court's ruling on the Defendant's Motion to Dismiss, the Motion to Stay is denied as moot.

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On October 22, 2008, the Plaintiffs obtained a mortgage loan in the original principal amount of $156,152.00 for the purchase of a home located at 1117 Thornblade Drive, Warner Robins, Georgia 31088. To secure repayment of the loan, Plaintiff Russell Johnson executed and delivered to the lender, Taylor, Bean & Whitaker Mortgage Corp. ("TBW"), a security deed conveying the property to Mortgage Electronic

---

[1] Because the Plaintiffs' Complaint lacks detail, the facts are taken largely from the Defendant's Motion to Dismiss. The Plaintiffs concede that the Defendant's recitation of the facts is "substantially correct." The Court, of course, will still accept all well-pleaded facts as true and will resolve all reasonable inferences therefrom in the light most favorable to the Plaintiffs.

Registration Systems, Inc. ("MERS") as nominee for the lender and the lender's successors and assigns.  (Doc. 4-2).  On February 12, 2010, MERS assigned and transferred its rights, title, and interest in the security deed to BAC Home Loans Servicing, LP.  (Doc. 4-3).[2]

According to the Plaintiffs, the Defendant began sending the Plaintiffs invoices for payment in October 2009.  At some point thereafter, it is unclear when exactly, the Plaintiffs defaulted on their loan obligation.  In March 2010, the Defendant commenced non-judicial foreclosure proceedings against the property with a foreclosure sale scheduled for May 4, 2010.[3]  On April 20, 2010, the Plaintiffs filed a complaint ("First Complaint") in the U.S. District Court for the Northern District of Georgia, claiming that Defendant BANA, among others, was liable for wrongful foreclosure, commercial fraud, and other federal and state law violations relating to the loan transaction and property.  *See Johnson, et al. v. Taylor, Bean & Whitaker Mortg. Corp., et al.*, 1:10-CV-1177 (JOF) (N.D. Ga.).  Defendant BANA moved to dismiss the Plaintiffs' claims against them on May 12, 2010.  On November 30, 2010, the district court, Judge Forrester presiding, entered an order granting the Defendant's motion to dismiss and dismissing the Plaintiffs' claims against Defendant BANA with prejudice.  (Doc. 4-4).

On January 26, 2012, the Plaintiffs filed another action against Defendant BANA in Houston County Superior Court.  The Defendant removed the action to this Court on March 8, 2012.  In the Plaintiffs' Complaint, they claim there "is a controversy as to

---

[2] BAC Home Loans Servicing, LP merged into Bank of America, N.A. on July 1, 2011.

[3] The foreclosure sale apparently has not yet occurred.

whom the real party of interest is in the security deed." The Plaintiffs ask this Court to "[o]rder all parties with legal claim to stipulate and provide proof of claim;" to "[r]emove all liens recorded prior to the date of the filing of this action;" to "[s]ilence all clouds of title to those known and unknown;" and to "[a]llow Plaintiffs complete accord and satisfaction as to any liens placed on the property prior to this action."

## II.  Discussion

### A.  Motion to Dismiss Standard

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotations and citation omitted).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  Moreover, when there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**B.     Res Judicata**

The Defendant claims that the Plaintiffs' Complaint is barred by the doctrine of res judicata.  The Court agrees.

As the Eleventh Circuit has stated, "[i]t is by now hornbook law that the doctrine of res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding."  *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (internal quotations and citation omitted).  "For res judicata to bar a subsequent case, four elements must be present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."  *Id.* (internal quotations and citation omitted).  Although the Plaintiffs do not contest elements one, three, or four, the Court will address each element in turn.

First, the Northern District of Georgia's November 30, 2010, order constitutes a final judgment on the merits.  In that order, the court adopted the Magistrate Judge's recommendation that Defendant BANA's motion to dismiss be granted.  In the recommendation, the Magistrate Judge found that the Plaintiffs "fail[ed] to allege sufficient facts to connect the named defendants to any of the alleged violations."  In its order adopting the recommendation, the court expressly adopted the Magistrate Judge's reasoning and conclusions and dismissed the Plaintiffs' claims against Defendant BANA with prejudice.

"The phrases 'with prejudice' and 'on the merits' are synonymous terms." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990).  It is thus

clear that "[a] dismissal with prejudice operates as a judgment on the merits unless the court specifies otherwise." *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986).  Here, the district court did not "specify otherwise."  Judge Forrester's November 30, 2010, order dismissing the Plaintiffs' claims against Defendant BANA with prejudice therefore constitutes a final judgment on the merits.

With regard to element two, the Plaintiffs claim that the U.S. District Court for the Northern District of Georgia lacked jurisdiction to render a judgment because the real property that underlay the Plaintiffs' claims is located in the Middle, rather than the Northern, District.  While the Plaintiffs are correct that the property that was the "subject" of the claims in their First Complaint is not located in the Northern District, they have not explained why that fact deprives that court of jurisdiction over the subject matter or parties.[4]  The Plaintiffs, in their First Complaint, alleged both federal question, 28 U.S.C. § 1331, and diversity of citizenship, 28 U.S.C. § 1332, as bases for federal court jurisdiction.  At no time thereafter did the Plaintiffs or any defendant object to the court's jurisdiction.  Indeed, it was the Plaintiffs who chose to file suit in the Northern District in the first place, and based on the First Complaint, jurisdiction in that court appears to have been proper.  Accordingly, this Court finds that the U.S. District Court for the Northern District of Georgia was a court of competent jurisdiction.  *See Schafler v. Indian Spring Maintenance Ass'n*, 139 Fed. Appx. 147, 151 (11th Cir. 2005) (stating, for

---

[4] The location of the property could perhaps bear some relevance to the question of whether venue was appropriate in the Northern District.  *See generally* 28 U.S.C. § 1391.  Venue, however, is primarily a matter of choosing the most convenient forum.  It does not affect the court's jurisdiction over the parties or the case.

res judicata purposes, that the U.S. District Court for the Southern District of Florida was a court of competent jurisdiction pursuant to 28 U.S.C. § 1332).

Analysis of the third element is straightforward. Plaintiffs Russell and Onati Johnson and Defendant Bank of America, N.A. were all named parties in the prior action, thus satisfying the requirement that the parties in both suits be identical.

Finally, with regard to element four, "two cases are generally considered to involve the same cause of action if the latter case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as the former one." *Maldonado*, 664 F.3d at 1375-76 (internal quotations and citation omitted). "Res judicata acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Id.* (internal quotations and citation omitted).

A comparison of the present action with Plaintiffs' prior action reveals that the two cases arose out of the same nucleus of operative fact. Both suits concerned the Plaintiffs' mortgage, the foreclosure, or threatened foreclosure, of the Plaintiffs' property, and the rights and obligations of those involved. Although the Plaintiffs style their claim in the present case as a "quiet title action," the substance of and primary rights at issue in each action is the same and the Plaintiffs cite no material change in the facts or law. *See Jaffree v. Wallace*, 837 F.2d 1461, 1469 (11th Cir. 1988) (stating that res judicata "bars all subsequent suits raising allegedly new theories, unless a substantial change in the underlying facts or law has transpired"). The relief sought in both actions is, for all intents and purposes, also the same; here, as in the prior case, the Plaintiffs seek a

court order declaring the rights of the parties and removing all liens on the property. Accordingly, because both this lawsuit and the Plaintiffs' 2010 lawsuit in the Northern District of Georgia arose out of the same nucleus of operative fact, they involve the "same cause of action" for purposes of res judicata.

### III. CONCLUSION

For the reasons set forth above, the Plaintiffs' claims are barred by res judicata. The Defendant's Motion to Dismiss is granted, and the Plaintiffs' Complaint is dismissed with prejudice.

**SO ORDERED,** this 25th day of May, 2012.

>	S/ Marc T. Treadwell
>	MARC T. TREADWELL, JUDGE
>	UNITED STATES DISTRICT COURT